## BENJAMIN MATHES *versus* ENOCH JACKSON, executor.

In an action against an executor or administrator, even when the general issue only is pleaded, the plaintiff must prove, in order to entitle himself to a verdict, that the demand was exhibited to the defendant, previous to the commencement of the action.

ASSUMPSIT upon a note, made by the testator, dated, November 16, 1825, for $100, payable to the plaintiff, or order, on demand with interest.

The cause was tried, upon the general issue, at January term, 1832, when it appeared that the testator made

Mathes
v.
Jackson.

the note, but it did not appear that the note had been exhibited to the defendant, the executor, previous to the commencement of this action. It was objected, on behalf of the defendant, that the action could not be maintained, without proof that the note had been so exhibited, and a verdict taken for the plaintiff, subject to the opinion of the court upon the question, whether, as the pleadings stood, such proof was necessary to entitle the plaintiff to a verdict.

*Mitchell*, for the plaintiff.

*Bartlett*, for the defendant.

*By the court.* The question in this case, is, whether, on a trial of the cause, under the general issue, the plaintiff was bound to show that the note had been exhibited to the defendant, previous to the commencement of the suit ?

The statute enacts, " that no action, for any cause of action, against a person deceased, shall be sustained against the executor or administrator, if commenced at any time within one year after the original grant of administration ; nor shall any such action be ever sustained against any executor or administrator, unless the demand was exhibited to the executor or administrator, or one of the executors or administrators sued." That this clause in the statute has made it necessary, in order to maintain an action against an executor or administrator, to exhibit the demand before the commencement of the suit, is too clear to admit a question. The only question, then, is, whether the want of notice must be pleaded, or whether the defendant may insist upon proof of the exhibition of the demand, under the general issue ?

We are not aware that there has been any settled practice on this subject, in this state. Under the English statutes, which in certain cases require notice of bringing an action to be given to certain persons, a certain time previous to the commencement of the suit, the plaintiff is nonsuited unless he prove the notice. 5 D.

& E. 1, *Daniel* v. *Wilson ;* 7 ditto, 631, *Lovelace* v. *Curry ;* 7 Taunton, 63 ; 1 ditto, 383 ; 2 Starkie's Ev. 792.

The practice in Pennsylvania seems to be the same. 4 Binney, 20, *Mitchell* v. *Cowgill.*

And we are of opinion, that, in this case, the plaintiff was not entitled to a verdict until he proved that the demand was exhibited to the executor, before the commencement of the suit.

*New trial granted.*